**CITY OF DULUTH, ST. LOUIS COUNTY, Minnesota, a municipal corporation, Respondent,**

v.

**Ferris J. ALEXANDER, Appellant.**

**No. CO–86–1971.**

Court of Appeals of Minnesota.

April 14, 1987.

Review Denied May 20, 1987.

ascertain damages. Alexander unsuccessfully moved for amended findings and conclusions on the issue of public use. Alexander appeals and we affirm.

## FACTS

On April 1, 1986, the City of Duluth entered into a parking ramp agreement with the Duluth-Fond du Lac Economic Commission.[1] Under this agreement, the Fond du Lac Band of the Lake Superior Chippewa agreed to manage a proposed Duluth public parking ramp. On July 31, 1986, the Duluth City Council passed Resolution # 86–0603 directing the acquisition of property for the public parking ramp and authorizing an eminent domain proceeding. The property to be acquired included commercial land owned by Ferris Alexander.

At the hearing on the petition the trial court heard testimony on the necessity for the proposed acquisition and whether it constituted a public purpose or use. Evidence showed the city, through its Parking Commission and the Department of Planning and Development, had conducted eight years of study on parking problems in the downtown Duluth central business district. From these studies, and after consideration of numerous requests from the Greater Downtown Council representing property owners and business owners for additional parking, the City Planning and Development Department concluded additional off-street parking was needed to help revitalize the central business district.

Over the objection of Alexander, the court found that Duluth had

> shown that the taking is for a public use and purpose, is necessary and convenient in furtherance of the construction of the parking ramp within its area of jurisdiction and authority, and that acquisition is required by November 20, 1986, and is such as is authorized by law.

A. Blake Macdonald, Macdonald, Munger, Downs & Munger, Duluth, for respondent.

Randall D.B. Tigue, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

The City of Duluth brought an eminent domain proceeding to acquire property to construct a public parking ramp on East Superior Street in Duluth. Appellant Ferris Alexander, owner of property included in the proceedings, opposed the petition. The trial court found the acquisition was for a public purpose, transferred title and possession under Minn.Stat. § 117.042 (1984), and appointed commissioners to

1. This Commission was created by agreement between the City of Duluth and the Fond du Lac Band of the Lake Superior Chippewa for the purpose of encouraging "economic development and growth within the City of Duluth." A one-block area of downtown Duluth became "Indian country" and was transferred by the Fond du Lac Band to the United States of America to be held in trust pursuant to U.S. law. The commission agreement provides for bingo and/or gaming activities on Duluth Indian land.

The trial court denied Alexander's motion for amended findings, and he appeals.

### ISSUE

Did the trial court err in granting Duluth's condemnation petition?

### ANALYSIS

■ The exercise of a city's eminent domain power to condemn private property must satisfy the constitutionally imposed "public use" requirement. U.S. Const. amends. V, XIV; Minn. Const. art. I, § 13; *City of Duluth v. State*, 390 N.W.2d 757, 762–64 (Minn.1986). Ferris Alexander disputes that Duluth has satisfied that requirement in acquiring property for the public parking ramp because the Commission's gambling facility is an integral part of the condemnation; the facility, according to Alexander, is unlawful under both federal and state statutory and constitutional law; and this alleged illegality precludes a finding that the condemnation is for a public purpose.

■ In determining the purpose for the proposed parking ramp, the trial court stated:

> The purpose of the condemnation petition before this Court is for a public parking ramp in the eastern portion of downtown Duluth, to "provide parking for existing businesses and to encourage the location of new businesses in the downtown area." The City of Duluth entered into a lease agreement with the Duluth-Fond du Lac Economic Development Commission for, among other things, to grant the Commission a nonexclusive use of the parking ramp * * * to be used for public parking and * * * operated on a first come-first serve basis, and no sales of any kind of merchandise is permitted on the premises.

The court then evaluated whether the city's proposed use constituted a public use under applicable law:

> The courts have historically construed the words "public use" very broadly.

Even where parcels have been turned over to a private entity, condemnations have been held to be constitutional. This and like circumstances have been reviewed extensively by the Appellate Court in the recent case of *City of Duluth v. State of Minnesota, et al.*, 390 N.W.2d 757 (1986). In the case at bar, the public use is even stronger. The general public will use the facility and it will be a boon to the merchants in that end of the City, and it will solve parking congestion for those using the gaming facility in the old Sears Building. * * * The defendants' argument that the present facility will be used for illegal purposes is a strawman argument. The present facility and land will be used for parking and is a benefit to the public, in general, and the local taxpayer. * * *

The trial court's factual finding on the necessity and use for the ramp is supported by the record. The city established a clear need for additional parking within Duluth's eastern business district. Minnesota courts have specifically held that a city's goal of revitalizing its central business district satisfies the public use requirement of the federal and state constitutions. *See City of Duluth v. State*, 390 N.W.2d at 763; *City of Minneapolis v. Wurtele*, 291 N.W.2d 386, 390 (Minn.1980).

■ The public use for the parking facility is a separate consideration from the public use for the adjacent gaming facility. But even if we accepted Alexander's argument that the facilities must be considered together in determining public use, Alexander has not shown the illegal purpose of the gaming facility which would negate the public use of the parking ramp. In a decision released after this appeal was filed, the United States Supreme Court has removed the illegality argument which Alexander seeks to assert.[2] In *California v. Cabazon Band of Mission Indians*, —— U.S. ——, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987), the Supreme Court held that federal

---

**2.** Our holding makes it unnecessary to question Alexander's standing to litigate whether the use of the gambling facility is unlawful. However, we note that the State of Minnesota has taken no action to challenge gambling activities on Duluth Indian land, and this case is an inappropriate context in which to decide that issue. *See S. v. D.* 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

interests in Indian self-government which encourage Indian-run gambling facilities pre-empt state authority, unless the state interests at stake justify imposing state authority. *Id.* at ——, 107 S.Ct. at 1092. The State of Minnesota has asserted no interest in regulating gambling on Indian land within Minnesota. Although Alexander attempts to assert an interest through the condemnation proceedings, this derivative interest is insufficient in light of the federal and tribal interests at stake. *Id.*

## DECISION

The condemnation of Alexander's property for the purpose of building a public parking ramp satisfies public use requirements of the federal and state constitutions. Federal and tribal interests pre-empt state intervention into gambling activities on Indian land.

Affirmed.